**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

BRANDON M. COOK,

     Plaintiff-Appellee,

v.

JOE PETERS, JR., in his official
and individual capacities,

     Defendant-Appellant,

and

STANLEY GLANZ, in his official
capacity as Sheriff of Tulsa
County; TULSA PROMENADE
LLC, a foreign limited liability
company; GLIMICHER REALTY
TRUST, a foreign real estate trust,

     Defendants.

No. 14-5052
(D.C. No. 4:13-CV-00107-GKF-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

---

[*]    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But, the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

_____

Brandon Cook, a teenager, was at a Tulsa shopping mall when he was told to leave. Before leaving, he cursed at a deputy sheriff working as a security guard (Joe Peters). Mr. Peters reacted by arresting Mr. Cook. When Mr. Peters tried to restrain Mr. Cook, the two hit the ground. Mr. Cook blamed Mr. Peters, suing him for excessive force under 42 U.S.C. § 1983.[1]

Mr. Peters moved for summary judgment based in part on qualified immunity. In addressing the summary judgment motion, the district court concluded that a reasonable fact-finder could infer five facts:

1. Mr. Peters was 11 inches taller and 200 pounds heavier than Mr. Cook.

2. Mr. Peters carried out the arrest through a "forceful takedown" of Mr. Cook.

3. Mr. Cook resisted arrest by pulling away from Mr. Peters.

4. At the time of the takedown, Mr. Cook posed little immediate threat to anyone.

5. Mr. Cook's crime (misdemeanor breach of the peace by use of profane language) was relatively minor.

Appellant's App., vol. II, at 483-84.

_____

[1] Mr. Cook also sued Stanley Glanz, Tulsa Promenade LLC, and Glimcher Realty Trust, invoking not only § 1983 but also Oklahoma law. This appeal relates only to the § 1983 claim against Joe Peters.

Based on the potential to infer these five facts, the district court denied Mr. Peters' motion for summary judgment, concluding in part that a genuine issue of material fact existed on the defense of qualified immunity. Mr. Peters appeals this part of the ruling, and we affirm.

## I.     Jurisdiction

Mr. Cook challenges our jurisdiction. Though we have jurisdiction, it is limited.

Ordinarily, appellate jurisdiction is limited to final orders. *See* 28 U.S.C. § 1291 (2012). An exception exists for orders denying qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). Thus, Mr. Peters can appeal the ruling on qualified immunity.

But, our review is limited: We must "take, as given, the facts that the district court assumed when it denied summary judgment." *Johnson v. Jones*, 515 U.S. 304, 319 (1995). We ask only "'whether the set of facts identified by the district court is sufficient to establish a violation of a clearly established constitutional right.'" *Morris v. Noe*, 672 F.3d 1185, 1189 (10th Cir. 2012) (quoting *Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 147 (3d Cir. 2002)).[2]

---

[2]     We can reject the district court's assessment of the evidence when it is blatantly contradicted by the record. *Fancher v. Barrientos*, 723 F.3d 1191, 1199 n.3 (10th Cir. 2013). At oral argument, Mr. Peters invoked this principle, relying on a video recording of the altercation. According to Mr. Peters, the video recording contradicted the district court's characterization of the incident as a "takedown." Oral Arg. at 4:25-4:35.

## II.    Standard of Review

To answer this question, we engage in de novo review, considering the evidence in the light most favorable to Mr. Cook. *See Felders ex rel. Smedley v. Malcom*, 755 F.3d 870, 877 (10th Cir. 2014), *cert. denied*, __ U.S. __, 135 S. Ct. 975 (2015).

## III.   Qualified Immunity

To overcome qualified immunity, Mr. Cook had to show that

1.     the use of force violated a constitutional right and

2.     the right was clearly established at the time of the violation.

*Morris v. Noe*, 672 F.3d 1185, 1191 (10th Cir. 2012). Mr. Cook has satisfied his burden for purposes of summary judgment: He created a genuine issue of material fact on the first element; and under the district court's assumed facts, a reasonable officer would have known that Mr. Peters' conduct violated Mr. Cook's clearly established constitutional right.

### A.    The First Element: The Violation of a Constitutional Right

A law enforcement officer can violate the Fourth Amendment by using excessive force to carry out an arrest. *Cavanaugh v. Woods Cross*

---

This argument is waived and invalid. It is waived because Mr. Peters raised the argument for the first time at oral argument. *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1235 n.8 (10th Cir. 2009). And the argument is invalid because the video does not preclude a fact-finder from concluding that Mr. Peters effected the arrest through a forcible takedown.

4

*City*, 718 F.3d 1244, 1248 (10th Cir. 2013). When an arrestee alleges excessive force, the court applies the objective reasonableness test announced in *Graham v. Conner*, 490 U.S. 386, 388 (1989). Under this test, the court considers the totality of the circumstances. *Plumhoff v. Rickard*, __ U.S. __, 143 S. Ct. 2013, 2020 (2014). To determine whether the use of force was objectively reasonable under the circumstances, the court weighs three factors:

1.    the severity of the crime at issue,

2.    the immediate threat that the suspect posed to officers and others, and

3.    any active resistance or attempt to flee by the suspect.

*Graham*, 490 U.S. at 396.

As noted above, we must consider these factors based on the findings inferred by the district court. These findings involved the forceful takedown

- of a teenager who was 11 inches shorter and 200 pounds lighter than the guard

- without any significant immediate threat

- to effect an arrest for a relatively minor crime, misdemeanor breach of the peace by use of profanity.[3]

---

[3]    Mr. Peters argues that probable cause also existed for obstruction and resisting arrest. As discussed in the text, however, we must decide the appeal based on the facts inferred by the district court. That court treated the crime as breach of the peace by use of profanity. But, whether the crime was breach of the peace by use of profanity, obstruction, or resisting

5

Considering the severity of the crime, the threat, and the resistance, a fact-finder could reasonably conclude that the force was excessive. *See Morris v. Noe*, 672 F.3d 1185, 1195-96 (10th Cir. 2012).

In *Morris v. Noe*, we affirmed the denial of summary judgment under analogous circumstances. *Id.* In *Morris*, a domestic altercation led to an arrest, which resulted in a § 1983 claim against the officer for excessive force. *Id.* at 1188-90. The officer sought summary judgment based on qualified immunity, and the district court denied the motion. *Id.* at 1190. In denying the motion, the district court viewed the first factor, the severity of the crime, as favoring the officer. *Id.* at 1195. The arrestee's crime was a misdemeanor, but it involved assault, which could justify "[a] forceful takedown or 'throw down.'" *Id.* The second and third factors favored the arrestee: The arrestee made no threats and was backing toward the officers when they used force. *Id.* at 1196. Based on these facts, we concluded that a genuine issue of material fact existed on the first element of qualified immunity: the violation of a constitutional right. *Id.*

Mr. Peters argues that *Morris* is inapplicable because there the arrestee was not trying to flee, struggle with the officers, or resist arrest. We disagree.

---

arrest, Mr. Peters admits that the crime was "not serious." Appellant's Opening Br. at 22.

In *Morris*, we concluded that the arrestee had posed little threat to the officers. *Id.* In drawing this conclusion, we acknowledged that the arrestee might have presented some threat because he was a big man and asked a potentially confrontational question. *Id.* But, we discounted the threat because the arrestee had been unarmed and had not overtly threatened anyone. *Id.*

In the present case, the district court concluded that the evidence would permit a reasonable finding that Mr. Cook "posed little immediate threat to the safety of officers or others." Appellant's App., vol. 2, at 483. The supporting evidence was even more compelling than it had been in *Morris*. Unlike the arrestee in *Morris*, Mr. Cook was not a big man; he was a 95-pound teenager, roughly 200 pounds and almost a foot shorter than Mr. Peters. And, like the arrestee in *Morris*, Mr. Cook did not carry a weapon or threaten anyone, though he did curse as he was moving away from Mr. Peters.

Mr. Peters insists that Mr. Cook posed a threat because he was reaching into his pocket and could have had a gun. But, the district court concluded that the fact-finder could reasonably determine that before the takedown, Mr. Cook had already discarded the object in his pocket (a cellphone) so that it was out of his reach. *Id.* The district court's assessment of the evidence is binding on our interlocutory review. *See* p. 3, above.

7

*Morris* cannot be distinguished based on the threat of this 95-pound teenager who uttered a curse word as he was moving away from a 295-pound security guard. As in *Morris*, a genuine issue of material fact existed on the first element of qualified immunity.

**B.   The Second Element: A Clearly Established Constitutional Right**

The same is true of the second element: the existence of a clearly established right.

The right was clearly established if it would have been clear to a reasonable officer that the takedown was unlawful under the circumstances. *Courtney v. Oklahoma ex rel. Dep't of Pub. Safety*, 722 F.3d 1216, 1222 (10th Cir. 2013). Under the facts inferred by the district court, the forceful takedown would have violated a clearly established constitutional right.

For claims involving excessive force, we follow "a sliding scale: 'The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation.'" *Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012) (quoting *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004)). When the officer's conduct is clearly unconstitutional based on application of the *Graham* factors alone, the right is considered "clearly established." *Id.* at 1197-98; *Casey v. City of Fed. Heights*, 509 F.3d 1278,

8

1284 (10th Cir. 2007). Based on the *Graham* factors alone, a reasonable officer in Mr. Peters' position would have known that a forceful takedown would constitute excessive force.

The district court concluded that a reasonable fact-finder could have inferred that

- Mr. Peters had acted intentionally when he forcefully took down Mr. Cook,

- Mr. Cook's crime had been minor and nonviolent,

- Mr. Cook had posed little threat to anyone, and

- Mr. Peters had been 200 pounds heavier and 11 inches taller than Mr. Cook.

Mr. Cook's right to be free from a forceful takedown under these circumstances was clearly established under *Graham*.

Mr. Peters advances two arguments to support his theory that Mr. Cook's right was not clearly established:

1. Mr. Cook has not presented cases with facts sufficiently similar to show that Mr. Peters was on notice that his conduct would be unlawful.

2. Existing cases indicated that Mr. Peters had acted reasonably.

We reject both arguments.

First, case law with similar facts is not always required in excessive force cases. Rather, a plaintiff can establish that his right was clearly established if application of the *Graham* factors alone would put a reasonable officer on notice that his actions were unconstitutional. *Morris*

9

*v. Noe*, 672 F.3d 1185, 1197-98 (10th Cir. 2012); *Casey v. City of Fed. Heights*, 509 F.3d 1278, 1284 (10th Cir. 2007). Because Mr. Peters' actions were clearly unconstitutional based on the *Graham* factors, Mr. Cook was not required to present case law with similar facts.

We addressed comparable circumstances in *Morris v. Noe*, 672 F.3d 1185, 1197-98 (10th Cir. 2012). As discussed above, that case involved a § 1983 claim of excessive force. *See* p. 6, above. There too we "found no cases addressing the type of force used . . .—a forceful takedown that by itself caused serious injury." 672 F.3d. at 1197. Nonetheless, we regarded the constitutional right as clearly established based on the *Graham* factors. *Id.* at 1197-98. We noted that the first factor, seriousness of the crime, had "marginally supported" the use of force and that the other *Graham* factors had strongly weighed against the use of force. *Id.* at 1198. We explained:

> [The officer] had reason to believe [the arrestee] was, at most, a misdemeanant. But [the arrestee] posed no threat to [the officer] or others, nor did he resist or flee. Thus, based on the facts assumed by the district court, [the arrestee's] right to be free from a forceful takedown was clearly established under *Graham*.

*Id.*

Under *Morris*, we must treat Mr. Cook's constitutional right as clearly established. The district court in *Morris* and in our case described the force in the same way, as a "forceful takedown." *See* pp. 2, 6, above. In our case, the district court added that at the time of the takedown, the

10

guard was much bigger than Mr. Cook, that Mr. Cook posed little danger, and that Mr. Cook was backing away from the guard. *See* p. 2, above. Based on these facts, which we must take as true, any reasonable officer would have known that he or she could not arrest Mr. Cook by a forceful takedown. Thus, the district court correctly regarded the constitutional right as clearly established.

Second, Mr. Peters points to cases that held an officer had acted reasonably or had not violated clearly established rights. But, these cases involved arrestees who were intoxicated or physically threatening. *E.g.*, *Rojas v. Anderson*, 727 F.3d 1000, 1002-1006 (10th Cir. 2013) (rejecting a claim of excessive force when an officer restrained an adult, intoxicated arrestee who had become physically violent); *Becker v. Bateman*, 709 F.3d 1019, 1021-24 (10th Cir. 2013) (rejecting a claim of excessive force when an officer believed the plaintiff was intoxicated and resisting arrest); *Gallegos v. City of Colo. Springs*, 114 F.3d 1024, 1031 (10th Cir. 1997) (holding that an officer acted reasonably in applying a take-down maneuver to an adult, intoxicated arrestee who had taken an aggressive physical stance); *Hinton v. City of Elwood*, 997 F.2d 774, 777-81 (10th Cir. 1993) (holding that it was reasonable for an officer to force an adult to the ground and use a stun gun after he had shoved police and resisted by biting and kicking). Unlike the circumstances in those cases, the altercation here involved a sober minor, outweighed by 200 pounds, who posed little threat

11

to the safety of the officer or bystanders. None of the cited cases involve these kinds of facts.[4]

Under *Morris v. Noe*, any reasonable officer would have known that a forceful takedown would have been excessive. Thus, under the district court's version of the facts, Mr. Cook has established the violation of a clearly established constitutional right.

## IV. Conclusion

Based on the district court's assessment of the facts, Mr. Peters was not entitled to summary judgment on the ground of qualified immunity. As a result, we affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[4] Mr. Peters also relies on an unpublished opinion by a district court: *Yadon v. Chilton*, 2013 WL 160445 (D. Kan. 2013) (unpublished). There the plaintiff did not respond to the summary judgment motion, and the court awarded summary judgment to the defendants. *Yadon*, 2013 WL at *1-2. This opinion "is not binding on us and amounts to no more than one voice" from a district court in our circuit. *United States v. Porter*, 745 F.3d 1035, 1047 (10th Cir. 2014).